**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4811

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY LORENZO RUSSELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:06-cr-00127-001)

Submitted:  April 4, 2007          Decided:  May 14, 2007

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Sara E. Flannery, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2006, Tony Lorenzo Russell was indicted for assault with a dangerous weapon, in violation of 18 U.S.C.A. § 113(a)(3) (West 2000 & Supp. 2006) (count one), depredation of government property, in violation of 18 U.S.C. § 1361 (2000) (count two), and possession of alcohol by a person under age twenty-one, in violation of 18 U.S.C. § 13 (2000), assimilating Va. Code Ann. § 4.1-305 (Cumm. Supp. 2006) (count three). A jury acquitted Russell as to count one, determining that he acted in self-defense, and the district court granted a motion of acquittal as to count two. The jury, nonetheless, found Russell guilty as to count three. The district court sentenced Russell to twelve months in prison* on the possession charge and also sentenced Russell to one year of supervised release and a $500 fine. Russell timely appealed, arguing that his sentence was unreasonable and that the district court failed to give him the appropriate sentence credits.

Russell and the Government agree that no federal sentencing guideline is applicable to Russell's offense. They disagree, however, as to the applicable standard of appellate review for a sentence imposed under such circumstances. Russell asserts that a sentence for which there is no sentencing guideline should be reviewed generally for reasonableness, in light of United

---

*Virginia Code Annotated § 4.1-305, provides for a maximum twelve-month sentence for possession of alcohol by a person under the age of twenty-one.

- 2 -

States v. Booker, 543 U.S. 220, 261 (2005).  The Government contends a sentence for an offense for which there is no applicable guideline range should be reviewed under the "plainly unreasonable" standard enunciated in United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006).

Because we conclude that Russell's sentence passes muster under either test, it is unnecessary in this case to resolve the appropriate standard of appellate review for a direct appeal of a conviction for an offense for which no sentencing guideline is applicable.  Even if the "plainly unreasonable" standard advanced by the Government applies, this court must first decide whether the sentence is unreasonable.  This inquiry is conducted using the considerations outlined in United States v. Moreland, 437 F.3d 424, 431-32 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006), for review of a sentence for which guidelines are applicable.  Specifically, we must consider "the extent to which the sentence . . . comports with the various, and sometimes competing, goals of § 3553(a)." Id. at 433; see also U.S. Sentencing Guidelines Manual § 2X5.1, comment. (backg'd) (2005).

We conclude that the district court properly considered the 18 U.S.C.A. § 3353(a) (Supp. 2006) factors in sentencing Russell.  Furthermore, as Russell was on probation at the time he committed the possession of alcohol offense and the attendant assault charge stemmed from his use of alcohol, we conclude that

Russell's sentence was reasonable.  Thus, even applying the more lenient standard of appellate review advocated by Russell, we see no reason to second-guess the district court's sentencing judgment. Further, we conclude that the district court properly awarded Russell credit towards his sentence for time served prior to sentencing, as evidenced by the district court's statement at sentencing that Russell "will be given credit for time served to date," and as indicated by the judgment.

Based on the foregoing, Russell's conviction and sentence are affirmed.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED